MEMORANDUM *
Jeremy B. Kelly was convicted by a jury of conspiracy, burglary, murder, and robbery. Kelly unsuccessfully appealed his convictions to the Nevada Supreme Court and unsuccessfully pursued habeas corpus relief in state court. He then filed a habe-as corpus petition in federal district court. Kelly appeals the denial of that petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm the district court.
We review a district court’s denial of a federal habeas corpus petition de novo. Tanner v. McDaniel, 493 F.3d 1135, 1139 (9th Cir.2007). Pursuant to 28 U.S.C. § 2254(d)(1), we must determine whether the decision of the Nevada Supreme Court was contrary to, or involved an unreasonable application of clearly established fed *2 eral law as determined by the United States Supreme Court.
Here, the Nevada Supreme Court concluded Kelly’s Sixth Amendment right to counsel was not violated by counsel’s alleged ineffectiveness. Kelly argued his counsel performed deficiently by failing to investigate his case. He claimed this deficient performance prejudiced him (1) by compelling him to testify in his own defense; (2) by allowing the prosecutor to present factually conflicting theories about the shooter’s identity; and (3) because he received consecutive life sentences rather than a term of years.
The Nevada Supreme Court concluded Kelly was not prejudiced by any alleged deficiencies. The Nevada Supreme Court reasoned it was unnecessary for the state to prove that Kelly had possession of a gun because the state proceeded under alternate legal theories of aiding and abetting, conspiracy, and felony murder, as well as the theory that Kelly was the shooter. The Nevada Supreme Court further concluded that counsel’s alleged failure to interview witnesses did not prejudice Kelly because it would not have affected the outcome of his trial.
It is clear from the record that Kelly was involved in the conspiracy to rob Terry Dixon and to murder Dixon if he resisted. Testimony at trial reflected that Kelly obtained the gun used to murder Dixon. Kelly entered the Dixon’s home along with his co-conspirators and he attempted to escape with them. Kelly faced identical criminal liability under Nevada law regardless of whether he personally fired the shot that killed Dixon. See Nev.Rev.Stat. §§ 193.165; 199.480; 200.010; 200.030; 200.380; 205.060.
Accordingly, we conclude the Nevada Supreme Court’s decision that Kelly was not prejudiced by the alleged deficient performance of counsel was not contrary to nor did it involve an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d)(1); Strickland v. Washington, 466 U.S. 668, 688, 691-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Additionally, we considered Kelly’s renewed motion to enlarge his certificate of appealability that was integrated into his opening brief. We conclude jurists of reason would not find the district court’s assessment of the constitutional claims raised by Kelly debatable or wrong, and we deny the motion. See Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.